1  Rosemary M. Rivas (State Bar No. 209147)
   Email: rrivas@zlk.com
2  Rosanne L. Mah (State Bar No. 242628)
   Email: rmah@zlk.com
3  **LEVI & KORSINSKY LLP**
   44 Montgomery Street, Suite 650
4  San Francisco, California 94104
   Telephone: (415) 373-1671
5  Facsimile: (415) 484-1294

6  *Attorneys for Plaintiffs and the Proposed Collective*
   *and Rule 23 Classes*
7

8              **UNITED STATES DISTRICT COURT**

9          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10
   ADRIA FRENZEL, CARMEN NOELLE
11 LUCICH, CHRISTINE NIZIBIAN, AND IRENE          **COLLECTIVE ACTION AND CLASS**
   SUNG, on behalf of themselves and all others   **ACTION COMPLAINT**
12 similarly situated,
13                                                **JURY TRIAL DEMANDED**
               Plaintiffs,
14
       v.
15
   SCHURMAN RETAIL GROUP,
16
               Defendant.
17

18        Plaintiffs Adria Frenzel, Carmen Noelle Lucich, Christine Nizibian, and Irene Sung

19 ("Plaintiffs"), on behalf of themselves and all others similarly situated, bring this action as a collective

20 action under § 216(b) of the Fair Labor Standards Act of 1938 ("FLSA") against Defendant Schurman

21 Retail Group, ("SRG" or "Defendant") for violation of the FLSA, 29 U.S.C. §§ 201 *et seq.*; and as a

22 class action under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") for violations of the

23 California Labor Code §§ 201, 202, 203, 226(a), (e), 226.7, 510, 512, and 1194, California's Unfair

24 Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, breach of contract, and for unjust

25 enrichment.

26        In support thereof, Plaintiffs allege the following based upon personal information as to

27 allegations regarding themselves, on the investigation of their counsel, and on information and belief

28 as to all other allegations:

## NATURE OF THE ACTION

1.      This is a FLSA collective action and a Rule 23 class action seeking monetary damages, penalties, restitution, injunctive, and declaratory relief from SRG arising from its longstanding policy and practice of not paying its non-exempt hourly employees for work performed at its Papyrus brand retail stores located throughout the United States.

2.      The FLSA does not require employers to provide meal periods to employees. However, when employers do offer meal periods, employers are not required to pay employees for meal periods if the meal period is *completely uninterrupted*. Conversely, if an employee works during meal periods, they should be paid.

3.      The FLSA also does not require employers to provide rest periods. However, when employers do offer rest periods, the rest periods are compensable.

4.      Under the California Labor Code §§ 226.7 and 512 meal periods and rest periods are required. Like the FLSA, employers are not required to pay employees for meal periods if the meal period is *completely uninterrupted*; however, if an employee works during meal periods, they should be paid. And rest periods are compensable.

5.      Under Defendant's written agreement with its employees, including Plaintiffs, non-exempt employees "who work five (5) hours or more in a day *must* take a minimum half-hour (.50) meal break, which is unpaid." (emphasis added). "Rest breaks of at least ten (10) minutes *must* be provided for every four (4) hours of work (or major fraction thereof)" to non-exempt employees. (emphasis added). Despite this written agreement, Defendant has a longstanding policy and practice of requiring its employees, including Plaintiffs, to work through meal breaks unpaid and rest periods when Defendant has scheduled only one employee to work, or when illness or other circumstances leave only one employee on duty. As such, Defendant denied wages for on-duty meal periods and for missed rest periods under an illegal pay policy and practice. Under this policy, non-exempt employees working at its Papyrus brand retail stores who are scheduled as the only employee on duty, including Plaintiffs, or when illness or other circumstances leave only one employee on duty, were not free from work during meal periods and rest periods and were denied pay for those on-duty meal periods and missed rest periods.

COLLECTIVE ACTION AND CLASS ACTION COMPLAINT

6.      Defendant willfully, deliberately, and voluntarily failed to pay Plaintiffs and others similarly situated for all hours worked including, but not limited to, those hours worked in excess of forty hours per week; and in excess of eight hours per day. Defendant violated the FLSA and the California Labor Code, and breached its own written agreement, by requiring Plaintiffs and others similarly situated to perform work and/or remain on duty during their meal and rest breaks.

7.      Defendant's conduct violates the FLSA and the California Labor Code because of their mandate that non-exempt employees, such as Plaintiffs and others similarly situated, be paid for all hours worked including but not limited to those hours worked in excess of forty hours per week at one and one half their regular rate of pay within a single week. *See* 29 U.S.C. § 207(a); Cal. Lab. Code § 510(a); and in excess of eight hours per day at one and one-half times the regular rate of pay. *See* Cal. Lab. Code § 510(a).

8.      Further, Defendant has received the benefits of the work of Plaintiffs and others similarly situated, and failed to compensate them for the work performed. Therefore, Defendant was unjustly enriched at the expense of Plaintiffs and others similarly situated.

9.      Accordingly, Plaintiffs file this action to recover on behalf of themselves and others similarly situated all unpaid wages and other damages owed to them under the FLSA individually and as a 29 U.S.C. § 216(b) "opt-in" collective action, in order to remedy the extensive and sweeping violations of the wage and hour provisions, which the Defendant has integrated into its time tracking and payroll policies and which has deprived Plaintiffs and others similarly situated of their lawfully-earned wages.

10.     Plaintiffs also file this action on behalf of themselves and others similarly situated as an opt-out class action pursuant to Fed. R. Civ. P. 23 for claims under the California Labor Code, California's Unfair Competition Law, and for breach of contract and unjust enrichment.

## THE PARTIES

11.     Plaintiff Adria Frenzel is a resident and citizen of Waltham, Massachusetts who was employed by Defendant Schurman Retail Group during the statutory period covered by this Complaint. Plaintiff Frenzel was employed by SRG to work at its Papyrus brand retail store in Chestnut Hill, Massachusetts. Plaintiff Frenzel also worked at SRG's Papyrus brand retail store in

Newton Centre, Massachusetts. She was an hourly employee and held the following positions: sales associate, assistant manager, and store manager. On many occasions, Plaintiff Frenzel was the only one scheduled to work and thus was required to work through meal breaks unpaid before the end of the fifth hour of work; and was required to work through rest breaks before the end of every four hours worked. On many occasions, Plaintiff Frenzel had to work prior to her scheduled shift or had to work after her scheduled shift but was not allowed to account for that time, and thus Plaintiff Frenzel worked in excess of 40 hours in a workweek and was not paid overtime.

12.    Plaintiff Carmen Noelle Lucich is a resident and citizen of Santa Rosa, California who was employed by Defendant Schurman Retail Group during the statutory period covered by this Complaint. Plaintiff Lucich was employed by SRG to work at its Papyrus brand retail store in Petaluma, California. She was an hourly employee and held the position of assistant manager. On many occasions, Plaintiff Lucich was the only one scheduled to work and thus was required to work through meal breaks unpaid before the end of the fifth hour of work; and was required to work through rest breaks before the end of every four hours worked.

13.    Plaintiff Christine Nizibian is a resident and citizen of Petaluma, California who was employed by Defendant Schurman Retail Group during the statutory period covered by this Complaint. Plaintiff Nizibian was employed by SRG to work at its Papyrus brand retail store in Petaluma, California. She was an hourly employee and held the position of assistant manager or associate manager. On many occasions, Plaintiff Nizibian was the only one scheduled to work and thus was required to work through meal breaks unpaid before the end of the fifth hour of work; and was required to work through rest breaks before the end of every four hours worked. On several occasions, Plaintiff Nizibian worked in excess of eight hours in one workday and was not paid overtime.

14.    Plaintiff Irene Sung is a resident and citizen of Cambridge, Massachusetts who was employed by Defendant Schurman Retail Group during the statutory period covered by this Complaint. Plaintiff Sung was employed by SRG to work at its Papyrus brand retail store in Chestnut Hill, Massachusetts. Plaintiff Sung also worked at SRG's Papyrus brand retail store in Wellesley, Massachusetts. She was an hourly employee and held the positions of sales supervisor and associate

manager. On many occasions, Plaintiff Sung was the only one scheduled to work and thus was required to work through meal breaks unpaid before the end of the fifth hour of work; and was required to work through rest breaks before the end of every four hours worked. On many occasions, Plaintiff Sung had to work after her scheduled shift but was not allowed to account for that time, and thus Plaintiff Sung worked in excess of 40 hours in a workweek and was not paid overtime. Furthermore, Plaintiff Sung worked in excess of 40 hours in a workweek and was not always paid overtime.

15.    Plaintiffs Adria Frenzel, Carmen Noelle Lucich, Christine Nizibian, and Irene Sung have each executed a "Consent to Sue," which are attached to this Complaint as Exhibit A.

16.    Defendant Schurman Retail Group, formerly known as Schurman Fine Papers, is a corporation organized under the laws of the state of California. From 1957 until recently, SRG was headquartered at 500 Chadbourne Road, Fairfield, California 94534. SRG maintains a satellite office in Northern California, as well as design and production offices in Southern California, including approximately 42 of its brand name Papyrus retail stores throughout California. SRG has over 300 retail stores nationwide, including under the brand name Papyrus.

17.    SRG operates stationary stores called Papyrus, American Greetings, Carlton Cards, Paper Thread, NIQUEA.D, and Paper Destiny. SRG sells an array of products including greeting cards, stationery, invitations, journals, gifts, gift bags, and gift wrap. Each store employs one or two retail workers.

**JURISDICTION AND VENUE**

18.    This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because the aggregate amount in controversy exceeds $5 million, exclusive of interests and costs; the number of members of the proposed Class exceeds 100; and many members of the proposed Class are citizens of different states than the Defendant.

19.    This Court has personal jurisdiction over Defendant because Defendant is present and licensed to do business in this Judicial District, regularly conducts business in this Judicial District, and/or has extensive contacts with this forum.

20.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Defendant transacts

COLLECTIVE ACTION AND CLASS ACTION COMPLAINT

substantial business in this District, including operating a number of retail stores under the name
Papyrus.

21.    This Court has supplemental jurisdiction over the state law claims pursuant to
28 U.S.C. § 1367.

## CALIFORNIA LAW APPLIES TO THE CLAIMS IN THIS CASE

22.    Application of California law is appropriate in this case, except for the California Labor
Code.

23.    Defendant Schurman Retail Group, formerly known as Schurman Fine Papers, is a
corporation organized under the laws of the state of California. From 1957 until recently, SRG was
headquartered at 500 Chadbourne Road, Fairfield, California 94534. SRG maintains a satellite office
in Northern California, as well as design and production offices in Southern California, including its
brand name Papyrus retail stores throughout California.

24.    At all times relevant herein, Defendant's systematic and companywide polices and
practices concerning payroll and compensation structure for its employees, including Plaintiffs, who
worked at Defendant's Papyrus brand retail stores, were developed in California and communicated
from California to all of its Papyrus retail stores.

## FACTUAL ALLEGATIONS

25.    SRG employs non-exempt workers under different job titles including store manager,
assistant manager, key holder, and team member, at its Papyrus brand retail stores located throughout
the United States.

26.    SRG's non-exempt employees are paid an hourly wage.

27.    Plaintiffs and others similarly situated are subject to identical or nearly identical
policies and procedures related to employee compensation. Until its recent move to Goodlettsville,
Tennessee, SRG's companywide polices were developed at the company's headquarters in Fairfield,
California, and communicated down to the retail store level. These systematic and companywide
polices originating at the corporate level were a cause of the illegal pay practices.

28.    Plaintiffs and others similarly situated share common job duties and descriptions,
including attending to customers, assisting customers with purchases, assisting in daily retail

COLLECTIVE ACTION AND CLASS ACTION COMPLAINT

operations, and other retail related services; and are all subject to SRG's policy and practice of requiring its employees, including Plaintiffs, to work through meal breaks unpaid and through rest breaks, including, but not limited to, failing to provide full and accurate overtime compensation for all hours worked above and/or beyond forty hours in a each work week and above and/or beyond eight hours in each work day.

29.     Every SRG employee is provided with the SRG Team Member Handbook ("Handbook"). The Handbook sets forth employment guidelines, including employee benefits, such as meal and rest periods. SRG offers non-exempt employees "who work five (5) hours or more in a day *must* take a minimum half-hour (.50) meal break, which is unpaid" (emphasis added); and "[r]est breaks of at least ten (10) minutes *must* be provided for every four (4) hours of work (or major fraction thereof)." (emphasis added).

30.     The purpose of the FLSA and the California Labor Code is to protect workers from abuses. Three of the most basic protections afforded by the FLSA and the California Labor Code are the entitlement of employees: (1) to be paid for all hours work; (2) to be paid a minimum wage; and (3) to be paid premium overtime compensation for all hours worked in excess of forty hours per week and in excess of eight hours per day[1], unless such employees are properly shown to be exempt from such protections.

31.     In violation of these basic protections, and despite Defendant's own written agreement with employees, Defendant has had a longstanding policy and practice of requiring its employees, including Plaintiffs, to work through meal breaks and rest periods unpaid when Defendant has scheduled only one employee to work, or when illness or other circumstances leave only one employee on duty. When only one employee is working, the store must be open at all times during business hours; and the employee must at all times remain on duty. The employee is not allowed to lock the door nor allowed to place a "closed will return" sign on the door.

32.     Defendant's Papyrus brand retail stores' business hours are generally eight hours or more. For example, its stores are generally open from 10:00 a.m. to 6:00 p.m., 10:00 a.m. to 8:00 p.m.,

---

[1] The California Labor Code provides for overtime compensation for all hours worked in excess of eight hours per day whereas the FLSA does not. *See* 29 U.S.C. § 207(a); Cal. Lab. Code § 510(a).

or 10:00 a.m. to 9:00 p.m.

33. On numerous occasions, Plaintiffs were scheduled as the only employee on duty, or on other occasions, were the only employee on duty due to illness or other circumstances.

34. Defendant required Plaintiffs and others similarly situated to clock out at the beginning of their so-called "meal break," and clock back in at the end of their so-called "meal break," to make sure their e-time cards reflected a meal break, even though Plaintiffs and others similarly situated did not take a meal break. In fact, if an employee did not clock out for the "meal break," the employee was reprimanded for failure to report the "meal break." Accordingly, Plaintiffs and others similarly situated were routinely not fully and accurately paid for time worked.

35. In addition to being prevented from enjoying their legally mandated meal periods, Plaintiffs and others similarly situated were prevented from enjoying rest periods required by contract and law.

36. Defendant intentionally and systematically promulgated and enforced polices under which Plaintiffs and others similarly situated regularly worked more than four hours per day without being allowed one or more rest periods of at least ten minutes during which the worker was relieved of all of his or her respective job duties. Plaintiffs and others similarly situated were required to forego their rest periods because Defendant scheduled Plaintiffs and others similarly situated to be the only worker on duty, or because they were the only employee on duty due to illness or other circumstances.

37. Furthermore, on many occasions, Plaintiffs and others similarly situated had to work prior to their scheduled shift or had to work after their scheduled shift but were not allowed to account for their time in Defendant's time tracking system, and thus were not fully and accurately paid for time worked. Defendant discouraged Plaintiffs and others similarly situated to work overtime, however, Defendant did not provide sufficient staffing so that Plaintiffs and others similarly situated could avoid working overtime.

38. In violation of these basic protections, Plaintiffs and others similarly situated were not lawfully paid for all hours worked, including, but not limited to, full and accurate overtime compensation for all hours worked above and/or beyond forty hours in each work week or above and/or beyond eight hours in each work day.

39.     As a result of these timekeeping practices, the records of hours worked for Plaintiffs and others similarly situated do no accurately reflect the total hours actually worked by Plaintiffs and others similarly situated. Furthermore, the timekeeping records kept by Defendant do not accurately reflect the correct rate of pay that Plaintiffs and others similarly situated should have been paid for hours worked in excess of forty hours per week or for hours in excess of eight hours per day. In light of this, Defendant has failed to provide accurate wage statements to Plaintiffs and others similarly situated identifying all gross wages earned, net wages earned, and all applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate. Therefore, Plaintiffs and other similarly situated were systematically deprived of wage statements that complied with the requirements of the FLSA and the California Labor Code.

40.     As a further result, Defendant willfully failed to pay all wages due to Plaintiffs and others similarly situated upon their termination or resignation.

41.     At this stage, Plaintiffs and others similarly situated are unable to state the exact amount of damages suffered by each of them, but Plaintiffs and other similarly situated believe that such information will become available during the course of discovery as such records are maintained by Defendant. Where an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.

42.     Plaintiffs and others similarly situated used a centralized timekeeping system to record their hours worked. Plaintiffs and others similarly situated would clock in and clock out through Defendant's point of sale register system.

43.     Defendant engaged in systematic and uniform timekeeping practices with respect to Plaintiffs and others similarly situated that were unlawful, unfair, and deceptive to them.

44.     The net effect of Defendant's policy and practice, instituted and approved by company executives, is that it willfully failed to pay Plaintiffs and others similarly situated for all work performed, in order to save payroll costs. Defendant enjoys ill-gained profits at the expense of Plaintiffs and others similarly situated.

COLLECTIVE ACTION AND CLASS ACTION COMPLAINT

## **COLLECTIVE ACTION ALLEGATIONS**

45.    Plaintiffs hereby incorporate all other paragraphs of this Complaint and restate them as if fully set forth herein.

46.    Plaintiffs bring the First Cause of Action on behalf themselves and others similarly situated as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

47.    The claims under the Fair Labor Standards Act may be pursued by those similarly situated employees who opt-in to this case pursuant 29 U.S.C. § 216(b).

48.    The proposed Collective Class is initially defined as follows: All persons currently or formerly employed by Schurman Retail Group on an hourly basis in a Papyrus brand retail store in the United States, at any time within four years prior to the commencement of this action.

49.    Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce within the meaning of the FLSA, § 203(b), (s)(1).

50.    Plaintiffs and the Collective Class are or were employed by Defendant within the meaning of the FLSA.

51.    Defendant's conduct is willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class. Accordingly, the statute of limitations for violations under the FLSA should be extended from two years to three years pursuant to 29 U.S. Code § 255(a).

52.    The statute of limitations should be further extended to four years pursuant to Cal. Bus. & Prof. Code §17208 due to Defendant's unlawful and unfair business acts or practices.

53.    Each Plaintiff has consented in writing to be part of this collective action pursuant to 29 U.S.C. § 216(b) and their executed consent form is attached as Exhibit A. As this case proceeds, it is likely that additional individuals will file consent forms and join as "opt-in" plaintiffs.

54.    The members of the Collective Class are so numerous that joinder of all members would be impracticable. While the precise number of the members of the Collective Class has not yet been determined, Defendant has over 300 retail stores across the United States, including under the brand name Papyrus. Therefore, it is likely that members of the Collective Class number in the hundreds or thousands.

55.    The claims of the Plaintiffs are typical of the claims of the Collective Class. Plaintiffs

and the members of the Collective Class work or have worked for Defendant and were subject to the same operational, compensation, and timekeeping policies and practices, including not being paid fully and accurately for all hours worked including but not limited to missed meal and rest periods, and hours in excess of forty hours per week.

56.     Common questions of law and fact exist as to all members of the Collective Class and predominate over any questions only affecting any member individually. The common questions of law and fact include but not limited to the following:

(a)     Whether Defendant knew or had reason to know its policies and compensation practices were unlawful;

(b)     Whether Defendant retained a benefit from such unlawful policies and compensation practices;

(c)     Whether Defendant failed to pay Plaintiffs and the members of the Collective Class for work performed during 30-minute meal breaks;

(d)     Whether Defendant failed to pay Plaintiffs and the members of the Collective Class for missed rest periods;

(e)     Whether Defendant failed to pay Plaintiffs and the members of the Collective Class for overtime compensation;

(f)     Whether the statute of limitations should be extended to three years pursuant to 29 U.S. Code § 255(a) or extended to four years pursuant to Cal. Bus. & Prof. Code §17208;

(g)     Whether Defendant breached its contract regarding meal and rest periods;

(h)     Whether Plaintiffs and the Collective Class are entitled to damages, including but not limited to liquidated damages, and the measure of damages;

(i)     Whether Defendant should be enjoined from continuing the practices alleged herein; and

(j)     Whether Defendant is liable for attorneys' fees and costs.

57.     Plaintiffs will fairly and adequately protect the interests of the Collective Class as their interests are aligned with those of the members of the Collective Class. Plaintiffs have no interests adverse to the class, and Plaintiffs' lawyers are highly experienced in litigation of this nature.

58.    The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The damages suffered by individual members for the Collective Class are relatively small when compared to the expense and burden of litigation, making it virtually impossible for the members of the Collective Class to individually seek redress for the wrongs done to them.

59.    Plaintiffs and the members of the Collective Class have suffered and will continue to suffer irreparable damage from the unlawful policies and practices implemented by Defendant.

## CLASS ACTION ALLEGATIONS

60.    Plaintiffs bring claims for violations of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, the California Labor Code §§ 201, 202, 203, 226(a), (e), 226.7, 510, 512, and 1194, breach of contract, and unjust enrichment on behalf of themselves and all others similarly situated as an opt-out class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

61.    The Rule 23 Class is initially defined as follows: All persons currently or formerly employed by Schurman Retail Group on an hourly basis in a Papyrus brand retail store in the United States, at any time within four years prior to the commencement of this action.

62.    Excluded from the proposed Rule 23 Class are: any entity in which SRG has a controlling interest, is a parent or subsidiary, or which is controlled by SRG, as well as the officers, directors, affiliates, legal representatives, heirs, predecessors, successors, and assigns of SRG; and any person who signed a valid separation and general release agreement upon separation from the company. Plaintiffs reserve the right to re-define the Class definition after conducting discovery.

### Numerosity of the Proposed Rule 23 Class

### (Fed. R. Civ. P. 23(a)(1))

63.    The Rule 23 Class is so numerous that joinder of all members would be impracticable. While the precise number of the members of the Rule 23 Class has not yet been determined, Defendant has over 300 retail stores across the United States, including under the brand name Papyrus. Therefore, it is likely that members of the Rule 23 Class number in the hundreds or thousands.

### Predominance of Common Questions of Fact and Law

### (Fed. R. Civ. P. 23(a)(2); 23(b)(3))

COLLECTIVE ACTION AND CLASS ACTION COMPLAINT

64.     There are questions of law and fact common to all members of the Rule 23 Class, and they predominate over any questions affecting only individual members of the Rule 23 Class, including, but not limited to the following:

(a)     Whether Defendant knew or had reason to know its policies and compensation practices were unlawful;

(b)     Whether Defendant failed to pay Plaintiffs and the Rule 23 Class for work performed during 30-minute meal breaks;

(c)     Whether Defendant failed to pay Plaintiffs and the Rule 23 Class for missed rest periods;

(d)     Whether Defendant failed to pay Plaintiffs and the Rule 23 Class for overtime compensation for all hours worked in excess of forty hours per week at the correct rate at the time the hours in excess of 40 per week were performed;

(e)     Whether Defendant failed to pay Plaintiffs and the Rule 23 Class for overtime compensation for all hours worked in excess of eight hours per day at the correct rate at the time the hours in excess of eight per day were performed;

(f)     Whether Defendant engaged in unfair or unlawful business practices in violation of California's Unfair Competition Law;

(g)     Whether Defendant violated the California Labor Code;

(h)     Whether Defendant breached its contract regarding meal periods and rest periods;

(i)     Whether Defendant was unjustly enriched;

(j)     Whether Plaintiffs and the members of the Rule 23 Class are entitled to damages and/or restitution, and in what amounts;

(k)     Whether Defendant should be enjoined from continuing the practices alleged herein; and

(l)     Whether Defendant is liable for attorneys' fees and costs.

**Typicality of Claims**

**(Fed. R. Civ. P. 23(a)(3))**

65.     Plaintiffs' claims are typical of the claims of the members of the Rule 23 Class.

Plaintiffs and all members of the Rule 23 Class were subject to the same corporate practices of Defendant, as alleged herein. Defendant's company-wide policies and practices affected all members of the Rule 23 Class similarly, and Defendant benefitted from the same type of unfair and wrongful act to each member of the Rule 23 Class. Plaintiffs and members of the Rule 23 Class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

## Adequacy of Representation

### (Fed. R. Civ. P. 23(a)(4))

66.    Plaintiffs and their counsel will fairly and adequately represent the interests of the members of the Rule 23 Class. Plaintiffs have no interest antagonistic to, or in conflict with, the interests of the members of the Rule 23 Class. Plaintiffs' lawyers are highly experienced in litigation of this nature.

## Superiority of a Class Action

### (Fed. R. Civ. P. 23(b)(3))

67.    A class action is an appropriate method for the fair and efficient adjudication of this controversy. There is no special interest in the members of the Rule 23 Class individually controlling the prosecution of separate actions. The loss of money and other harm sustained by many individual members of the Rule 23 Class will not be large enough to justify individual actions, especially in proportion to the significant costs and expenses necessary to prosecute this action. The expense and burden of individual litigation make it impossible for many members of the Rule 23 Class individually to address the wrongs done to them. Class treatment will permit the adjudication of claims of members of the Rule 23 Class who could not afford individually to litigate their claims against Defendant. Class treatment will permit a large number of similarly situated persons to prosecute their common claims in a single form simultaneously, efficiently, and without duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. Furthermore, Defendant transacts substantial business in and perpetuated its unlawful conduct in California. Defendant will not be prejudiced or inconvenienced by the maintenance of this class action in this forum. Class

COLLECTIVE ACTION AND CLASS ACTION COMPLAINT

certification, therefore, is appropriate under Fed. R. Civ. P. 23(a) and (b)(3). The above common questions of law or fact predominate over any questions affecting individual members of the Rule 23 Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

68.    The expense and burden of litigation will substantially impair the ability of Plaintiffs and members of the Rule 23 Class to pursue individual lawsuits to vindicate their rights.  Absent a class action, Defendant will retain the benefits of its wrongdoing despite its serious violations of the law.

### Risk of Inconsistent or Dispositive Adjudications and the Appropriateness of Final Injunctive or Declaratory Relief

### (Fed. R. Civ. P. 23(b)(1) and (2))

69.    In the alternative, this action may properly be maintained as a class action, because:

(a)    the prosecution of separate actions by individual members of the Rule 23 Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Rule 23 Class, which would establish incompatible standards of conduct for Defendant; or

(b)    the prosecution of separate actions by individual members of the Rule 23 Class would create a risk of adjudications with respect to individual members of the Rule 23 Class which would, as a practical matter, be dispositive of the interests of other members of the Rule 23 Class not parties to the adjudications, or substantially impair or impede their ability to protect their interests; or

(c)    Defendant has acted or refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

### Issue Certification

### (Fed. R. Civ. P. 23(c)(4))

70.    In the alternative, the common questions of fact and law, set forth in Paragraph 64, are appropriate for issue certification on behalf of the proposed Rule 23 Class.

### FIRST CAUSE OF ACTION
**Violation of the Fair Labor Standards Act**
**(On Behalf of Plaintiffs and the Collective Class)**

71.     Plaintiffs hereby incorporate all other paragraphs of this Complaint and restate them as if fully set forth herein.

72.     At all relevant times, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

73.     The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for consumers. 29 U.S.C. § 207(a)(1).

74.     Defendant is subject to the FLSA, including the minimum wage and overtime pay requirements, because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

75.     At all relevant times, Defendant has been and continues to be an "employer" within the meaning of the FLSA under 29 U.S.C. § 203(d).

76.     At all relevant times, Defendant has employed and/or continues to employ "employee[s]," including Plaintiffs and all similarly situated employees within the meaning of the FLSA under 29 U.S.C. § 203(e).

77.     At all relevant times, Defendant has had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

78.     Plaintiffs were all employed by Defendant to work at its Papyrus brand retail stores as hourly employees in the positions of key holder, sales associate, assistant manager or associate manager, and/or store manager.  Defendant classified Plaintiffs and all similarly situated employees as non-exempt hourly employees.

79.     Plaintiffs and all similarly situated employees have/had substantially similar job requirements and pay provisions, and were/are subject to Defendant's uniform policy and practice of willfully refusing to correctly pay wages for all work performed, including but not limited to on-duty meal breaks, missed rest periods, and those hours worked in excess of forty hours per week, in violation of the FLSA.

80.     The FLSA requires employers, such as Defendant, to compensate all non-exempt employees overtime compensation, at a rate of not less than one-and-one half the minimum wage, for work performed in excess of forty hours in a work week.

81.     Plaintiffs and others similarly situated employees are not exempt from the right to receive the Federal minimum wage and overtime pay under the FLSA and are not exempt from the requirement that their employer pay them minimum wage and/or overtime compensation under the FLSA.

82.     The FLSA does not require employers to provide meal periods to employees. However, when employers do offer meal periods, employers are not required to pay employees for meal periods if the meal period is *completely uninterrupted*. 29 C.F.R. § 785.19(a). Conversely, if an employee works during meal periods, they should be paid.

83.     The FLSA also does not require employers to provide rest periods. However, when employers do offer rest periods, the rest periods are compensable. 29 C.F.R. § 785.18.

84.     Under Defendant's written agreement with its employees, including Plaintiffs, non-exempt employees "who work[s] five (5) hours or more in a day *must* take a minimum half-hour (.50) meal break, which is unpaid" (emphasis added); and "[r]est breaks of at least ten (10) minutes *must* be provided for every four (4) hours of work (or major fraction thereof)" to non-exempt employees. (emphasis added).

85.     Despite this written agreement, Defendant has had a longstanding policy and practice of requiring its employees, including Plaintiffs, to work through meal breaks and rest periods when only one employee is scheduled to work, or when illness or other circumstances leave only one employee on duty. As a result, Defendant failed to properly pay wages for on-duty meal periods and for missed rest periods, including those hours worked in excess of forty hours per week.

86.      On numerous occasions, Plaintiffs were scheduled as the only employee on duty to work at Defendant's Papyrus brand retail stores, or on other occasions, were the only employee on duty was due to illness or other circumstances. When only one employee is working, the store must nevertheless be open at all times during business hours; and the employee must at all times remain on duty. The employee is not allowed to lock the door nor allowed to place a "closed will return" sign on

the door.

87.     Defendant required Plaintiffs and others similarly situated to clock out at the beginning of their so-called "meal break," and clock back in at the end of their so-called "meal break," to make sure their e-time cards reflected a meal break, even though Plaintiffs and others similarly situated did not take a meal break. In fact, if an employee did not clock out for the "meal break," the employee was reprimanded. Accordingly, Plaintiffs and others similarly situated were routinely not fully and accurately paid for time worked, including hours worked in excess of forty hours per week.

88.     Plaintiffs and the Collective Class were not completely relieved from duty; and were required to perform work duties during their so-called meal period.

89.     Plaintiffs and the Collective Class were denied their rest periods; and were required to perform work duties during their so-called rest periods.

90.     Defendant willfully, deliberately, and voluntarily failed to pay Plaintiffs and the Collective Class for all work performed, including hours worked in excess of forty hours per week. Defendant violated the FLSA by willfully suffering or permitting Plaintiffs and the Collective Class to perform work and/or remain on duty during their meal and rest periods.

91.     Furthermore, on many occasions, Plaintiffs and others similarly situated had to work prior to their scheduled shift or had to work after their scheduled shift but were not allowed to account for their time in Defendant's time tracking system, and thus were not fully and accurately paid for time worked. In fact, Defendant had instructed Plaintiffs and others similarly situated to not report any overtime.

92.     As a result of Defendant's willful failure to compensate Plaintiffs and members of the Collective Class, the applicable federal minimum wage for all hours worked including but not limited to those hours worked in excess of forty hours per week at a rate of not less than one and one-half times the regular rate of pay, Defendant has violated and continues to violate the FLSA, 29 U.S.C. § 201, *et seq.*

93.     Moreover, in light of Defendant's conduct, Defendant has failed to maintain accurate payroll or other records containing hours worked each day, total hours worked each workweek, total daily or weekly straight-time earnings, total overtime earnings for the workweek, and total wages paid

each pay period with respect to each Plaintiff and others similarly situated in violation of 29 CFR § 516.2.

94.     Defendant's violation of the FLSA is continual in nature, in that Defendant continues to pay their non-exempt employees under the same unlawful policies and procedures that are set forth in detail herein.

95.     Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

96.     Defendant has acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and the Collective Class are entitled to recover an award of liquidated damages pursuant to 29 U.S.C. § 216(b).

97.     Due to Defendant's willful FLSA violations, Plaintiffs, on behalf of themselves and the members of the Collective Class, are entitled to recover from Defendant (1) compensation for unpaid wages, including unpaid bona fide meal breaks and missed rest periods, and overtime compensation; (2) an additional equal amount as liquidated damages; (3) reasonable attorneys' fees and costs of this action, pursuant to 29 U.S.C. § 216(b); and (4) such other legal and equitable relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION
**"Unlawful" Business Practices in Violation of the Unfair Competition Law ("UCL"),
Cal. Bus. & Prof. Code §§ 17200,** *et seq.*
**(On Behalf of Plaintiffs and the Rule 23 Class)**

98.     Plaintiffs hereby incorporate all other paragraphs of this Complaint and restate them as if fully set forth herein.

99.     The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. Prof. Code § 17200.

100.     A business act or practice is "unlawful" if it violates any established state of federal law.

101.     SRG's practices as alleged herein are unlawful and in violation of the FLSA, 29 U.S.C

§ 201, *et seq.*, 29 C.F.R. § 785.19(a), 29 C.F.R. § 785.18, and 29 CFR § 516.2, and the California Labor Code §§ 201, 202, 203, 226(a), (e), 226.7, 510, 512, and 1194 because SRG failed to properly pay Plaintiffs and other similarly situated employees and former employees for all work performed due to forced missed meal breaks and forced missed rest periods, including those hours worked in excess of forty hours per week and those hours worked in excess of eight hours per day.

102.    Plaintiffs reserve the right to identify other violations of law as the facts develop.

103.    SRG has and continues to violate the UCL through its ongoing business practices as described herein and breach of its written agreement as alleged herein. As a result of SRG's unlawful business practices, Plaintiffs have suffered injury in fact and lost money or property.

104.    Plaintiffs requests that the Court declare SRG's failure to pay monies owed, as described herein, as unlawful and enjoin SRG from continuing to violate the UCL. Plaintiffs further requests that the Court issue any other orders or judgments that may be necessary to provide for complete equitable monetary relief, including the monies Defendant received or saved as a result of their wrongful acts and practices detailed herein. Unless SRG is permanently enjoined from continuing to engage in such violations of the UCL, SRG's employees will continue to be harmed by SRG's acts and practices in the same way as Plaintiffs.

**THIRD CAUSE OF ACTION**
**"Unfair" Business Practices in Violation of the UCL,**
**Cal. Bus. & Prof. Code §§ 17200, *et seq.***
**(On Behalf of Plaintiffs and the Rule 23 Class)**

105.    Plaintiffs hereby incorporate all other paragraphs of this Complaint and restate them as if fully set forth herein.

106.    The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. Prof. Code § 17200.

107.    SRG's practices as alleged herein are unfair. As described throughout this Complaint, SRG failed to properly pay Plaintiffs and other similarly situated employees and former employees for all work performed due to forced missed meal breaks and forced missed rest periods, including those hours worked in excess of forty hours per week and those hours worked in excess of eight hours per

day.

108.     SRG's practices constitute unfair business practices in violation of the UCL because, among other things, they are immoral, unethical, oppressive, unscrupulous, or substantially injurious to its employees, and/or any utility of such practices is outweighed by the harm caused to its employees. SRG's practices violate the legislative policies of the underlying statute alleged herein; namely, protecting people from unfair business practices and preventing persons from being injured by misleading representations. SRG's practices caused substantial injury to Plaintiffs and are not outweighed by any benefits, and Plaintiffs could not have reasonably avoided their injuries.

109.     SRG has and continues to violate the UCL through its ongoing business practices as described herein and breach of its written agreement as alleged herein. As a result of SRG's unfair business practices, Plaintiffs have suffered injury in fact and lost money or property.

110.     Plaintiffs requests that the Court declare SRG's failure to pay monies owed, as described herein, as unfair and enjoin SRG from continuing to violate the UCL. Plaintiffs further requests that the Court issue any other orders or judgments that may be necessary to provide for complete equitable monetary relief, including the monies Defendant received or saved as a result of their wrongful acts and practices detailed herein. Unless SRG is permanently enjoined from continuing to engage in such violations of the UCL, SRG's employees will continue to be harmed by SRG's acts and practices in the same way as Plaintiffs.

**FOURTH CAUSE OF ACTION**
**Breach of Contract**
**(On Behalf of Plaintiffs and the Rule 23 Class)**

111.     Plaintiffs hereby incorporate all other paragraphs of this Complaint and restate them as if fully set forth herein.

112.     Plaintiffs and the members of the proposed Rule 23 Class have performed and satisfied all of their obligations to Defendant, pursuant to the employment agreements, except those obligations they were prevented or excused from performing or satisfying.

113.     Defendant wrongfully breached it obligations to provide Plaintiffs and the members of the Rule 23 Class their meal breaks and rest periods, resulting in due compensation.

114.    As a result of these breaches, Plaintiffs and members of the Rule 23 Class have been damaged in a sum to be proven at trial.

**FIFTH CAUSE OF ACTION**
**Unjust Enrichment**
**(On Behalf of Plaintiffs and the Rule 23 Class)**

115.    Plaintiffs hereby incorporate all other paragraphs of this Complaint and restate them as if fully set forth herein.

116.    Plaintiffs and others similarly situated conferred a benefit on Defendant by working through their entire shifts and never taking a meal break and/or rest breaks, and never being compensated for those hours worked in excess of forty hours per week or hours worked in excess of eight hours per day.

117.    Defendant knew Plaintiffs and other similarly situated employees worked their entire shift and never took a meal break and/or rest breaks, and knew they were not compensated for those hours worked in excess of forty hours per week or hours worked in excess of eight hours per day.

118.    Defendant benefited from Plaintiffs' work and retains that benefit.

119.    Defendant intentionally refused to pay Plaintiffs and other similarly situated employees for all hours worked. Such wrongful conduct demonstrates bad faith on the part of Defendant.

120.    It is unjust for Defendant to retain benefits from the unpaid work performed by Plaintiffs and other similarly situated employees.

**SIXTH CAUSE OF ACTION**
**Failure to Provide Meal Periods, Cal. Lab. Code §§ 226.7, 512**
**(On Behalf of Plaintiffs Lucich and Nizibian and the members of the Rule 23 Class residing in the State of California)**

121.    Plaintiffs Lucich and Nizibian hereby incorporate all other paragraphs of this Complaint and restate them as if fully set forth herein.

122.    The right to meal periods has been codified in sections 226.7(b), (c) and 512 of the California Labor Code.

123.    At all relevant times herein, section 226.7(b) and (c) provided: (b) An employer shall not require an employee to work during a meal period mandated pursuant to an applicable statute, or applicable regulation, standard, order of the Industrial Welfare Commission, the Occupational Safety

and Health Standards Board, or the Division of Occupational Safety and Health; and (c) If an employer fails to provide an employee a meal period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

124.    At all relevant times herein, section 512(a) provided: An employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of both the employer and employee.

125.    At all times relevant herein, Commission wage order No. 7-2001 governing the Mercantile Industry, codified as section 11070 of 8 California Code of Regulations, provided, in relevant part:

11. Meal Periods

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee.

(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

(C) Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty"

meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

(E) In all places of employment where employees are required to eat on the premises, a suitable place for that purpose shall be designated.

126.    Plaintiffs Lucich and Nizibian and members of the Rule 23 Class residing in the State of California were not provided time to take all required meal periods during their work shifts.

127.    Plaintiffs Lucich and Nizibian and members of the Rule 23 Class residing in the State of California were not completely relieved of all duties during meal periods.

128.    Plaintiffs Lucich and Nizibian and members of the Rule 23 Class residing in the State of California did not waive their right to any meal periods.

129.    Accordingly, Plaintiffs Lucich and Nizibian and members of the Rule 23 Class residing in the State of California are entitled to compensation of at least one hour of pay for each workday during which they were not provided the proper meal period.

### SEVENTH CAUSE OF ACTION
**Failure to Provide Rest Periods, Cal. Lab. Code §§ 226.7, 512**
**(On Behalf of Plaintiffs Lucich and Nizibian, and members of the Rule 23 Class residing in the State of California)**

130.    Plaintiffs Lucich and Nizibian hereby incorporate all other paragraphs of this Complaint and restate them as if fully set forth herein.

131.    The right to rest periods has been codified in sections 226.7(b), (c) and 512 of the California Labor Code.

132.    At all relevant times herein, section 226.7(b), (c), and (d) provided: (b) An employer shall not require an employee to work during a rest period mandated pursuant to an applicable statute, or applicable regulation, standard, order of the Industrial Welfare Commission, the Occupational

Safety and Health Standards Board, or the Division of Occupational Safety and Health; and (c) If an employer fails to provide an employee a rest period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided; (d) A rest period mandated pursuant to a state law, including, but not limited to, an applicable statute, or applicable regulation, standard, order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, shall be counted as hours worked, for which there shall be no deduction from wages. This subdivision is declaratory of existing law.

133.    At all relevant times herein, section 512(a) provided: An employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of both the employer and employee.

134.    At all times relevant herein, Commission wage order No. 7-2001 governing the Mercantile Industry, codified as section 11070 of 8 California Code of Regulations, provided, in relevant part:

12. Rest Periods

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (31/2) hours. Authorized rest period time

shall be counted as hours worked for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

135.    Plaintiffs Lucich and Nizibian and members of the Rule 23 Class residing in the State of California were not provided time to take all rest periods during their work shifts.

136.    Accordingly, Plaintiffs Lucich and Nizibian and members of the Rule 23 Class residing in the State of California are entitled to compensation of at least one hour of pay for each workday during which they were not provided the rest period.

**EIGHT CAUSE OF ACTION**
**Failure to Pay Minimum Wage and Overtime, Cal. Lab. Code §§ 510, 1194**
**(On Behalf of Plaintiff Nizibian and members of the Rule 23 Class residing in the State of California)**

137.    Plaintiff Nizibian hereby incorporate all other paragraphs of this Complaint and restate them as if fully set forth herein.

138.    Failure of an employer to pay its employees the legal minimum wage and/or the legal overtime compensation applicable to the employer violates sections 510 and 1194 of the California Labor Code.

139.    At all relevant times herein, section 510(a) of the California Labor Code provided, in part: Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

140.    Section 1194(a) of the California Labor Code provided: Notwithstanding any

agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

141.    During the relevant time period, Defendant failed to pay Plaintiff Nizibian and members of the Rule 23 Class residing in the State of California their minimum wages and overtime compensation due and owing to them, and thereby violated section 510 and 1194 of the California Labor Code.

142.    Accordingly, Plaintiff Nizibian and members of the Rule 23 Class residing in the State of California are entitled to recover their unpaid minimum wages and overtime wages in an amount to be established by proof, liquidated damages under section 1194.2 of the California Labor Code, and Plaintiff Nizibian is entitled to costs and attorney's fees as provided for in section 1194(a) of the California Labor Code.

## NINTH CAUSE OF ACTION
### Failure to Provide Pay Stubs, Cal. Lab. Code §§ 226(a), (e)
### (On Behalf of Plaintiffs Lucich and Nizibian and members of the Rule 23 Class residing in the State of California)

143.    Plaintiffs Lucich and Nizibian hereby incorporate all other paragraphs of this Complaint and restate them as if fully set forth herein.

144.    At all relevant times herein, section 226 of the California Labor Code provided: (a) An employer, semimonthly or at the time of each payment of wages, furnish to his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece- rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the

employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the Employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. ... (e) (1) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

145.    Defendant employed Plaintiffs Lucich and Nizibian and members of the Rule 23 Class residing in the State of California but failed to provide them with the data required by section 226 of the California Labor Code. Plaintiffs Lucich and Nizibian and members of the Rule 23 Class residing in the State of California were systematically deprived of wage statements that complied with the requirements of section 226 of the California Labor Code. Defendant failed to provide an accurately itemized statement in writing showing, among other things, the correct amount of pay for gross wages earned, net wages earned, and the corresponding number of hours worked at each hourly rate. Defendant's failure to provide wage statements that complied with the requirements of section 226 of the California Labor Code made it difficult for them, *inter alia*, to verify that they had been paid correctly, prepare their tax returns, and apply for unemployment.

146.    Accordingly, Plaintiffs Lucich and Nizibian and members of the Rule 23 Class residing in the State of California are entitled to damages, and Plaintiffs Lucich and Nizibian are entitled to costs and attorney's fees, demand for which is hereby made in accord with the provisions of section 226(e) of the California Labor Code.

### TENTH CAUSE OF ACTION
### Failure to Pay Final Wages Timely, Cal. Lab. Code §§ 201, 202, 203
### (On Behalf of Plaintiffs Lucich and Nizibian and members of the Rule 23 Class residing in the State of California)

147.    Plaintiffs Lucich and Nizibian hereby incorporate all other paragraphs of this Complaint and restate them as if fully set forth herein.

148.    California Labor Code sections 201 and 202 provided that employees must receive wages earned and unpaid promptly upon termination or resignation.

149.    At all relevant times herein, the relevant portion of section 201(a) of the California Labor Code provided: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

150.    At all relevant times herein, the relevant portion of section 202(a) of the California Labor Code provided: "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

151.    At all relevant times herein, section 203(a) of the California Labor Code provided: If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until action therefore is commenced; but the wages shall not continue for more than 30 days.

152.    Because Defendant has willfully failed to pay wages earned and unpaid promptly upon termination or resignation by Plaintiffs Lucich and Nizibian and members of the Rule 23 Class residing in the State of California, Defendant is liable for continuing wages under Labor Code section 203.

153.    Plaintiffs Lucich and Nizibian and members of the Rule 23 Class residing in the State of California are therefore entitled to continuing wages from the date on which their final wages were due until the date on which Defendant makes payment of the wages, not to exceed thirty days.

COLLECTIVE ACTION AND CLASS ACTION COMPLAINT

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the proposed Collective Class and the Rule 23 Class set forth herein, respectfully request the following relief:

A.      For the Collective Class, that the Court issue notice to all similarly situated employees of Defendant informing them of their right to file consents to join the FLSA portion of this action;

B.      For the Collective Class, that the Court award Plaintiffs and all similarly situated employees compensatory and liquidated damages under 29 U.S.C. § 216(b);

C.      That the Court certifies the Rule 23 Class as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(1), (b)(2), (b)(3), and (c)(4), and pursuant to Fed. R. Civ. P. 23(g), appoint the named Plaintiffs to be the Class representatives and their undersigned counsel as Class counsel;

D.      That the Court award Plaintiffs, the Collective Class, and the Rule 23 Class appropriate relief, including actual damages;

E.      That the Court award Plaintiffs, the Collective Class, and the Rule 23 Class pre-judgment and post-judgment interest;

F.      That the Court award Plaintiffs, the Collective Class, and the Rule 23 Class reasonable attorneys' fees and costs as allowable by law;

G.      Such additional orders or judgments as may be necessary to prevent these practices and to restore any interest or any money or property which may have been acquired by means of the violations set forth in this Complaint;

H.      That the Court award Plaintiffs, the Collective Class, and the Rule 23 Class such other, favorable relief as allowable under law or at equity.

///
///
///
///
///
///
///

1

**JURY TRIAL DEMANDED**

2        Plaintiffs demand a trial by jury on all issues so triable.

3    Dated: April 24, 2019                    **LEVI & KORSINSKY, LLP**

4                                   By: */s/ Rosemary M. Rivas*
                                       Rosemary M. Rivas
5
                                       Rosanne L. Mah
6                                      44 Montgomery Street, Suite 650
                                       San Francisco, CA 94104
7                                      Telephone: (415) 373-1671
                                       Facsimile: (415) 484-1294
8
                                       *Attorneys for Plaintiffs and the Proposed Collective*
9                                      *and Rule 23 Classes*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COLLECTIVE ACTION AND CLASS ACTION COMPLAINT